UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JUNE KEITH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.** a Delaware limited partnership,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff June Keith ("Plaintiff Keith" or "Keith") brings this Class Action Complaint and Demand for Jury Trial against Defendant Brinker International Payroll Company, L.P. ("Defendant" or "Chili's") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending telemarketing text messages to consumers without consent including text messages to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have already expressly requested that the text messages stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Keith, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all

1

other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.    Plaintiff Keith is a resident of Bradenton, Florida.

2.    Defendant Chili's is a limited partnership registered in Delaware, with its headquarters located in Dallas, Texas. Defendant Chili's conducts business throughout this District.

## JURISDICTION AND VENUE

3.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.    This Court has personal jurisdiction over the Defendant because the Defendant transacts business in this District and places calls and text messages to consumers into this District.

5.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION

6.    As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in

their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.     According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164.0 million per day. www.robocallindex.com (last visited June 27, 2023).

11.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Chili's is running a Chili's rewards program where consumers can enter their phone number in exchange for a Chili's Rewards program.

15.     Defendant Brinker International Payroll Company, L.P. administers the Chili's Rewards program and the sending of text messages promoting the Chili's rewards program.

16.     Plaintiff visited a Chili's restaurant in Bradenton, Florida.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

17.     The Chili's restaurant places digital tablets at each table in its restaurants so customers can place orders, pay for their meal, play games and view active promotions.[3]

18.     Based on Plaintiff's experience, if a consumer provides their phone number and email address to Chili's in order to receive a free meal item, they will be signed up to receive text messages with promotional messages from Chili's.

19.     Solicitation text messages are sent by Chili's using shortcode 244147.

20.     Consumers can text stop in order to revoke their consent and unsubscribe from receiving text messages.

21.     Chili's lacks a sufficient opt-out system to ensure that a consumer who replies stop to one of their text messages will in fact be opted out and not receive any more text messages.

22.     According to Robokiller.com, a telemarketing abuse reporting site, 98,829 text messages were blocked when sent by shortcode 244147:

---

[3] https://www.theatlantic.com/technology/archive/2014/06/chilis-is-installing-tablet-ordering-at-all-its-restaurants/372836/

# 244147 is a known text scam

RoboKiller users have reported receiving spam texts from this number

| | |
|---|---|
| Alternately: | **+244147** |
| Robokiller User Reports: | **0** |
| Total Blocked Texts: | **98,829** |
| Allowed Texts: | **76,426** [4] |

23.     In response to these text messages, Plaintiff Keith brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA when she has texted stop and yet continues to receive unsolicited text messages, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF KEITH'S ALLEGATIONS

24.     Plaintiff Keith registered her cell phone number on the DNC on March 11, 2022.

25.     Plaintiff Keith uses her cell phone number for personal use only as one would use a residential landline telephone number in a home.

---

[4] https://lookup.robokiller.com/p/244147

26.     The text messages that Plaintiff Keith received from Defendant Chili's were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

27.     On October 16, 2022, Plaintiff Keith visited the Chili's restaurant located in Bradenton.

28.     Plaintiff Keith was approached by a server who told her that she could join a Chili's rewards program and receive free chips and salsa if she would provide her email and phone number on the tablet.

29.     Plaintiff Keith provided her contact information and she received a text message from Chili's using shortcode 244147 confirming her subscription to receive text messages. Plaintiff opted-in and texted "Y" to 244147 at 9:45 PM on October 16, 2022:



30.     Plaintiff received a series of text messages from shortcode 244147 to her cell phone, advertising Chili's restaurants.

31.     On June 9, 2023 at 1:34, Plaintiff received a text message from Defendant Chili's to her cell phone from 244147. Plaintiff replied "Stop" at 1:44 PM to revoke her consent and to opt-out of receive any more text messages. She received confirmation that she was unsubscribed:



32.     Despite the opt-out request, Plaintiff Keith received an unsolicited text message from Defendant Chili's on June 13, 2023 at 1:36 PM to her cell phone number.

33.     Plaintiff Keith texted "Stop" again on June 14, 2023, at 3:14 PM. Again, Plaintiff received a confirmation that she was unsubscribed:



34.     On June 17, 2023 at 1:48 PM, Plaintiff Keith received yet another unsolicited text message to her cell phone from Defendant Chili's, from shortcode 244147 despite 2 opt-out requests.

35.     On June 17, 2023 at 8:03 PM, Plaintiff Keith texted "Stop" again to shortcode 244147:



36.     On June 22, 2023 at 2:34 PM, Plaintiff Keith received yet another unsolicited text message to her cell phone from Defendant Chili's, from shortcode 244147 despite 3 opt-out requests.

37.     On June 22, 2023 at 7:28 PM, Plaintiff Keith texted "Stop" again to shortcode 244147:



38.    The unauthorized solicitation telephone text messages that Plaintiff Keith received from or on behalf of Defendant Chili's have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

39.    Seeking redress for these injuries, Plaintiff Keith, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

# CLASS ALLEGATIONS

40.     Plaintiff Keith brings this action pursuant to Federal Rules of Civil

Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from
> four years prior to the filing of this action through class certification (1)
> Chili's texted more than one time, (2) within any 12-month period, (3)
> where the person's residential telephone number had been listed on the
> National Do Not Call Registry for at least thirty days, (4) for
> substantially the same reason Defendant texted Plaintiff.

> **<u>Internal Do Not Call Class:</u>** All persons in the United States who from
> four years prior to the filing of this action through class certification (1)
> Defendant Chili's texted more than one time on their residential
> telephone number, (2) within any 12-month period (3) for substantially
> the same reason Defendant texted Plaintiff, (4) including at least once
> after the Defendant's records reflect the person requested that they stop
> sending text message.

41.     The following individuals are excluded from the Classes: (1) any Judge

or Magistrate presiding over this action and members of their families; (2)

Defendant, its subsidiaries, parents, successors, predecessors, and any entity in

which either Defendant or their parents have a controlling interest and their current

or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons

who properly execute and file a timely request for exclusion from the Classes; (5)

the legal representatives, successors or assigns of any such excluded persons; and

(6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Keith anticipates the need to amend the Class definitions following appropriate discovery.

42. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(c)     whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

44.    **Adequate Representation**: Plaintiff Keith will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Keith has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Keith and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Keith nor her counsel have any interest adverse to the Classes.

45.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Keith. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Keith and the Do Not Registry Class)

46.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

49.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Keith and the Do Not Call Registry Class members who registered their respective

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Keith and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51.     As a result of Defendant's conduct as alleged herein, Plaintiff Keith and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**<u>SECOND CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Keith and the Internal Do Not Call Class)**

53.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

54.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such

person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900

number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

55.     Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

56.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

57.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of

Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Keith requests a jury trial.

Respectfully Submitted,

**JUNE KEITH**, individually and on behalf of all others similarly situated,

DATED this 29th day of June, 2023.

By: /s/ Stefan Coleman
Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel for Plaintiff*

*Attorneys for Plaintiff and the putative Classes*